UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
:
REFRIGERATION & AIR CONDITIONING, : Civil Action No. 06-1965 (FLW)
DIVISION (UA-NJ) PENSION, WELFARE :
ANNUITY, EDUCATION, INDUSTRY :
TRAINING AND MECHANICAL SERVICE :
CONTRACTORS ASSOCIATION INDUSTRY :
FUNDS AND THE BOARDS OF TRUSTEES :
THEREOF :
:
:
           Plaintiffs, :
:
     v. : OPINION
:
DJ'S MECHANICAL, INC., :
           Defendant. :
_____

**WOLFSON, District Judge**

  Presently before the Court is a motion by Plaintiffs, Refrigeration and Air Conditioning Division (U.A N.J.) Pension Welfare Annuity, Education, Industry Training and Mechanical Service Contractions Association Industry Funds, ("Refrigeration Pension Fund"), for default judgment on its claims against Defendant, DJ's Mechanical, Inc. ("DJ's Mechanical") for failure to appear or otherwise respond to Plaintiff's Complaint of April 28, 2006.  For the reasons set forth below, Plaintiffs' motion will be GRANTED.

**I. Background**

Plaintiffs, the Refrigeration Pension Fund, provide welfare, education, vacation, annuity, industry advancement and other benefits for employees of employers covered by a collective bargaining agreement between the New Jersey State Committee Representing the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada AFL-CIO (hereinafter the "Union").  Defendant, DJ's Mechanical, employs workers who are represented by the Union.  Moreover, Defendant is a signatory to the current collective bargaining agreement between the Union and the Mechanical Service Contractors Association of New Jersey, and, as such, Defendant is required to remit weekly payments to the Union for its workers.  In the Complaint, Plaintiffs alleged that since November 28, 2005, Defendant failed to remit payments to Plaintiff.  However, as of the filing of the Motion for Default Judgment, Plaintiff contends that Defendant was credited for principal payment of $5,399 for the period of November 28, 2005 through January 15, 2006 and March 6, 2006 through April 2, 2006.  Thus, at present, Plaintiff argues that Defendant owes an estimated net balance of principal contributions for April 3, 2006 through June 30, 2006 in the amount of $6,849.60 plus interest, liquidated damages, attorneys fees and costs for a total amount of $10,305.87,.

On April 28, 2006, Plaintiff commenced this suit against DJ's Mechanical.  Defendant was served with a copy of the Summons and Complaint on May 2, 2006.  Defendant failed to plead or otherwise appear.  Thereafter, on June 16, 2006, Plaintiff requested that the Clerk of the Court enter default pursuant to Fed. R. Civ. P. 55(a), and default was entered on June 19, 2006.  On August 4, 2006, Plaintiff filed a Motion for Default Judgment.  The Motion was returnable on September 18, 2006.  As of September 18, 2006, Defendant has not responded to nor opposed

this Motion.

## II. Standard for Default Judgment

Federal Rule of Civil Procedure 55 governs the entry of default judgment. To obtain a default judgment pursuant to Fed. R. Civ. P. 55(b)(2), a litigant must first obtain an entry of default from the clerk of the court pursuant to Fed. R. Civ. P. 55(a). Once this procedural hurdle has been met, it is within the discretion of this court whether to grant a motion for a default judgment. Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000). Moreover, when a defendant is in default, the Court treats all pleadings and allegations of the plaintiff as true. See Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir.1990). However, even after properly following the requirements of Rule 55, parties are not entitled to default judgment as of right and it is left to the "sound judicial discretion" of the Court. Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir.1984). Furthermore, the preference is to dispose of cases on the merits whenever practicable. Id. at 1181 (citations omitted).

## III. Discussion

In the instant matter, since April 2006, Defendant has failed to appear and defend Plaintiff's claims against them. Moreover, on June 19, 2006, pursuant to an application by the Plaintiff, an entry of default was made by the Clerk of the Court against the Defendant. Subsequently, on August 4, 2006, Plaintiffs filed a Motion for Default Judgment. Defendant have failed to oppose this motion. Thus, the Court finds that a grant of default judgment is appropriate.

**IV. Conclusion**

For the foregoing reasons, Plaintiffs' motion for default judgment against Defendants is granted and Plaintiffs may recover the sum of $10,305.87 which includes principal contributions, interest, liquidated damages, attorneys fees and costs and Plaintiffs may recover a per diem interest rate of $2.81 per day since September 1, 2006. An appropriate order will follow.


Dated: September 18, 2006                                    /s/  Freda L. Wolfson
                                                             The Honorable Freda L. Wolfson,
                                                             United States District Judge